# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| THOMAS QUINN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CAPE COD POTATO CHIP | ) |
| COMPANY LLC, a subsidiary of | ) |
| SNYDER'S – LANCE, INC. | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

### PARTIES

1. The Plaintiff, Thomas Quinn, is an individual residing at 13 Walker Road, Apartment 10, North Andover, MA 01845.

2. Cape Cod Potato Chip Company LLC is a subsidiary of Snyder's- Lance, Inc. with a principal place of business at 13024 Ballantyne Corp. Place, Charlotte, NC 28277 (Cape Cod).

3. Jurisdiction claimed by virtue of diversity of citizenship, pursuant to 28 U.S.C. § 1332. In addition, the activities complained of took place in the Commonwealth of Massachusetts.

### FACTS

4. On August 25, 1996, Cape Cod made a presentation to the Plaintiff, d/b/a Quinn Distributors and other independent operators purchasing under contract through L&L

Distributors, Inc., of Salem, New Hampshire (L&L), whereby Cape Cod urged said individuals to attempt to secure supermarket/grocery buyers for Cape Cod Chips, at a promised 18% profit to such operators.

5. At the time of said presentation, the Plaintiff was purchasing his food stock through L&L, pursuant to the aforesaid written contract.

6. As a result of said presentation, the Plaintiff contacted several store locations, including the Brighton, Massachusetts, Bread & Circus Store (Bread & Circus), and secured an agreement to provide Cape Cod stock to all Bread and Circus accounts in Eastern Massachusetts, which agreement was recognized by L&L.

7. On the morning of March 31, 1997, the Plaintiff delivered a Cape Cod set up to Bread & Circus, consisting of 216 Units of product, as set forth in the sales receipt attached hereto as Exhibit A.

8. At about noon time on April 1, 1997, a representative of L& L contacted Plaintiff and informed him that said set up was to be removed immediately from Bread and Circus, whereupon said set up was in fact removed.

9. The Plaintiff ultimately contacted the manager of Bread & Circus and inquired as to why the set up was removed and was informed that the manager now wishes the set up to occur on July 1, 1997 for all Bread and Circus stores referred to in paragraph 5 herein.

10. Upon receiving this information, the Plaintiff contacted a James Melchen, an L&L representative, and was told "not to worry, and that everything is ok."

11. Thereafter, the Plaintiff attempted to schedule and confirm with the said James Melchen the July 1, 1997 set-up date with all Bread & Circus stores referenced in paragraph 5 herein. Melchen, however, refused to allow the Plaintiff to contact Michael Fritz, the Cape Cod representative for the Plaintiff's area, to discuss the situation.

12. On September 1, 1997, the Plaintiff learned from Ronald LeBlanc, the then Cape Cod representative for Plaintiff's area, that Plaintiff's account had been taken away and given to a third-party distributor (Stow Mills).

13. As a result of Plaintiff's efforts to secure the Bread & Circus Accounts, Cape Cod received a benefit.

14. As a result of Cape Cod's canceling the agreement with the Plaintiff to provide stock to the Bread and Circus Stores, the Plaintiff was damaged, and in fact lost his sales rights with L& L.

15. Thereafter, from 1997 through December 31, 2010, the Plaintiff continued to attempt to sell Cape Cod Chips and Snyder Lance Products, including Snyder Pretzels, but those efforts were blocked and interfered with by representatives of Cape Cod, whereby plaintiff was unable to sell said products and suffered financial harm.

## COUNT I – BREACH OF CONTRACT

16. Paragraphs 1-15 hereof are hereby realleged and reaverred.

17. Cape Cod's refusal to allow the Plaintiff to receive shipments of its chips to be delivered to Bread and Circus and its further interference with Plaintiffs' relationship with the Bread & Circus stores, as well as its continued efforts to interfere with plaintiff's attempts to sell Cape Cod products from 1997 through 2010 constitutes a breach of contract.

## COUNT II - M.G.L. CHAPTER 93A & FEDERAL TRADE COMMISSION ACT (FTC Act) (15 U.S.C. § 45)

18. Paragraphs 1-17 hereof are hereby realigned and reaverred.

19. Cape Cod is a business as defined by M.G.L. c.93A, §11, and the FTC Act.

20. Cape Cod breached M.G.L. c. 93A §1 and The FTC Act, in that:

    a.    Cape Cod interfered with the Plaintiff's business relations with Bread & Circus,

    b.    that Plaintiff had secured accounts with Bread & Circus stores, and other stores, and immediately thereafter, Cape Cod canceled his account and assigned said stores to a third-party distributor; and

    c.    actively interfered with the attempts by the plaintiff from 1997-2010 to sell Cape Cod Products.

WHEREFORE, Plaintiff Thomas Quinn requests that this Court:

1. Award him damages against the Defendant at Cape Cod Chip Company for all damages suffered as a result of the action alleged hereunder;

2. award legal fees; and

3. award any and all costs that this Court deems appropriate.

PLAINTIFF CLAIMS A TRIAL BY JURY.

RESPECTFULLY SUBMITTED,

Thomas Quinn, Plaintiff
By his Attorney,

9.03.13
Date

/s/Mark J. Favaloro
Mark J. Favaloro, Esq.
BBO# 160330
159 Haven Street, Suite 1
Reading, MA 01867
781.439.9267 telephone
757.390.3659 facsimile
mjfavaloro@gmail.com